UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01369 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | ROCKWELL COLLINS, INC. v. JACOB WALLACE | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER DENYING MOTION TO DISMISS**

This matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b). The Court VACATES the November 13, 2017 hearing on this motion.

Plaintiff Rockwell Collins sued its former employee, Defendant Jacob Wallace, for conversion and alleged violations of the Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA"). Wallace now moves to dismiss Rockwell's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Rockwell failed allege facts sufficient to state any of its three claims. (Mot. to Dismiss, Dkt. No. 14 at 1.)

The Court DENIES the motion to dismiss. (Dkt. No. 14.)

**1. BRIEF BACKGROUND**

The following facts, taken from the complaint, are "construed in the light most favorable to the non-moving party." *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014).

Rockwell is "an international company that develops and manufactures flight control, aviation, and information technology systems." (Compl., Dkt. No. 1 at 3.) While Wallace was an employee, Rockwell "developed confidential, proprietary, and trade secret . . . information

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-01369 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | ROCKWELL COLLINS, INC. v. JACOB WALLACE | | |

including technical drawings, technical specifications, business information, documents, and data relating to flight control systems, methods, assemblies, and services." (*Id.*) Rockwell developed this information "[t]hrough years of effort and expenditure of time and money." (*Id.*)

To "protect its Trade Secret information," Rockwell required its employees "to abide by policies obligating them to protect and preserve the confidentiality of [Rockwell's] confidential, proprietary, and trade secret material." (*Id.* at 3–4.) Among other things, Rockwell's policies allowed employees to use "personal computing resources. . . when officially authorized to do so and only for the authorized privileges for the authorized time." (*Id.* at 4.) The policy also required "terminated employees" to "deliver promptly to his or her supervisor all materials, including documents, software or any other media which may contain this information, and to acknowledge" the return in writing. (*Id.*)

While a Rockwell employee, Wallace made two downloads of 20,000 total documents onto his personal computer (*Id.* at 5.) Rockwell alleges that those downloads violated the company's internal policies. (*Id.*) Wallace later resigned from his position at Rockwell and did not "return the Rockwell Collins Trade Secret Information that he downloaded to his home computer." (*Id.*) When Rockwell learned about the downloads, it "instituted an investigation of Wallace's unauthorized downloads and expended time and money conducting the investigation." (*Id.* at 5–6.)

**2. LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). "[D]etailed factual allegations" aren't necessary at this early stage, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" just won't cut it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And, of course, it's well settled that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At any rate, "[d]etermining whether a complaint states a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01369 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | ROCKWELL COLLINS, INC. v. JACOB WALLACE | | |

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**3. ANALYSIS**

Wallace argues that Rockwell didn't allege facts sufficient to support its two trade secret claims or its conversion claim. The Court addresses each in turn.

### 3.1 Trade Secret Claims

The DTSA "creates a civil cause of action for owners of trade secrets that are misappropriated if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." *Physician's Surrogacy, Inc. v. German*, 17-0718-MMA (WVG), 2017 WL 3622329, at *8 (S.D. Cal. Aug. 23, 2017) (internal quotation marks and citations omitted). Similarly, under the CUTSA, "a plaintiff must plead that (1) the plaintiff owned a trade secret; (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means; and (3) the defendant's actions damaged the plaintiff." *Aqua Connect, Inc. v. Code Rebel, LLC*, No. CV 11-5764, 2012 WL 469737, at *2 (C.D. Cal. Feb. 13, 2012) (citations omitted). Both the DTSA and the CUTSA define a trade secret as information that (1) derives its economic value from not being generally known, and (2) is subject to reasonable measures of secrecy by its owner. *See* 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d).

One of Wallace's main arguments for dismissal of Rockwell's trade secret claims is that Rockwell failed to sufficiently define the at-issue trade secret. Wallace argues that Rockwell must "identify its trade secrets with sufficient particularity to define their boundaries and to distinguish them from public information as a pleading requirement under Rule 8." (Mot., Dkt. 14-1 at 5.) In this, Wallace doesn't distinguish between DTSA and CUTSA claims, asserting that the Court should apply the particularity standard to both. (Reply, Dkt. No. 20 at 4.)

First, the DTSA claim. Federal Rule of Civil Procedure 8 doesn't include a "particularity" requirement. Instead, that's the pleading standard for fraud or mistake claims under Rule 9. *See* Fed. R. Civ. P. 9(b). Wallace doesn't explain why Rule 9 would apply, and he doesn't

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01369 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | ROCKWELL COLLINS, INC. v. JACOB WALLACE | | |

provide any other convincing justification for applying a heightened pleading standard to Rockwell's DTSA claim.

Next, the CUTSA claim. Wallace's brief cites California Code of Civil Procedure Code § 2019.210, which says that in a CUTSA trade secret misappropriation case, "before commencing discovery . . . the party alleging the misappropriation shall identify the trade secret with reasonable particularity." (*See* Mot., Dkt. No. 14-1 at 5.) But Wallace hasn't convinced the Court that applying § 2019.210 is appropriate in this context, especially since the section doesn't discuss pleading requirements.

Under the appropriate standard, Rockwell sufficiently defines the at-issue trade secret. Its complaint defines the trade secret as "technical drawings, technical specifications, business information, documents, and data relating to flight control systems, methods, assemblies, and services." (Compl., Dkt. No. 1 at 3.) This language is more than a mere "[t]hreadbare recital . . . of the elements of a cause of action" and instead places Wallace on notice of what's at issue in this case—protected information concerning "flight control systems, methods, assemblies, and services." (*See id.*) *See Ashcroft*, 556 U.S. at 678. Plaintiffs alleging a similar list of trade secret information have survived dismissal in this district. For example, in *TMC Aerospace v. Elbit Systems of America, LLC* the plaintiff alleged that the at-issue trade secret included "proprietary design drawings, manufacturing techniques, and manufacturing equipment" concerning a de-icing system. No. CV 15-07595-AB (Ex), 2016 WL 3475322, at *5 (C.D. Cal. Jan. 29, 2016). The court there, though acknowledging § 2019.210's reasonable particularity language, found that this description sufficiently defined the at-issue trade secret. *Id.*

A word on Wallace's other arguments—that Rockwell didn't sufficiently plead misappropriation or harm. They aren't convincing. Rockwell pleaded that Wallace's downloads were "unauthorized" because of specific company policies and because the company never gave him permission to download the information. (Compl., Dkt. No. 1 at 4–6.) Rockwell also alleged that it was damaged because Wallace took the proprietary information and because it had to conduct an investigation to determine what was taken. (*Id.* at 7–8.) At this stage, the Court must assume that these allegations are true. *See Twombly*, 550 U.S. at 555. And Rockwell doesn't need to provide more "detailed factual allegations" to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-01369 AG (JCGx) | Date | November 10, 2017 |
|---|---|---|---|
| Title | ROCKWELL COLLINS, INC. v. JACOB WALLACE | | |

### 3.2 Conversion Claim

Wallace also attacks Rockwell's conversion claim as insufficiently stated. (Mot., Dkt. No. 14-1 at 8–9.) Rockwell's conversion claim is based on the allegation that Rockwell "owned the more than 20,000 documents that Wallace copied onto his home computer without authorization." (*Id.* at 5–6.) "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Conversion is a strict liability tort." *L.A. Fed. Credit Union v. Madatyan*, 209 Cal. App. 4th 1383, 1387 (2012).

Rockwell pleads that they owned the files, that Wallace made two unauthorized downloads of the files, and that Rockwell was harmed because of the unauthorized downloads. (Compl., Dkt. No. 1 at 4–5.) All the essential elements are there. Simply put, Court isn't convinced by Wallace's minimal argument that Rockwell's conversion claim is deficiently stated.

### 3.3 Jurisdiction

Because the Court does not dismiss Rockwell's DTSA claim, the Court need not address Wallace's jurisdiction arguments, which assumed such a dismissal. (Mot., Dkt. No. 14 at 10.)

## 4. DISPOSITION

The Court DENIES the motion to dismiss. (Dkt. No. 14.)

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |